JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
|---|---|---|---|

| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** |
|---|---|

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motion for Final Approval of Class Action Settlement</u>**

Plaintiff Daniel Jordan ("Jordan"), on his own behalf and on behalf of the putative class, filed a motion for final approval of a proposed class action settlement ("Settlement"), and certification of the Settlement Class. Mot., Dkt. No. 32. Defendants Michael Page International ("MPI") and C&D Zodiac, Inc. (together – "Defendants") do not oppose the motion.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

**A. Allegations and Procedural History**

The facts of this case are well-known to the parties and the Court. The Court relies on the background facts from its order preliminarily approving the class action settlement. <u>See</u> Order, Dkt. No. 29.

On June 5, 2017 Jordan filed a putative class action against Defendants in the Superior Court for the County of Orange; Defendants removed the action to this Court on July 30, 2018. Notice, Dkt. No. 1. Jordan filed the Second Amended Complaint ("SAC") on November 15, 2019. SAC, Dkt. No. 26.

The SAC alleges eleven causes of action: (1) failure to pay overtime compensation under the FLSA 29 U.S.C §§ 206 and 207; (2) failure to pay wages including overtime

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** | | |

compensation; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide itemized statements; (6) failure to pay wages for hours worked; (7) failure to pay wages twice monthly, (8) failure to reimburse expenses; (9) failure to pay wages upon termination of employment; (10) unlawful competition and unlawful business practices; and (11) violation of the Private Attorneys General Act of 2004 ("PAGA"). See generally, id.

Jordan was employed by Defendants and was assigned to work by Defendant Michael Page in Orange County, California, including as a non-exempt purchasing and procurement employee, and consistently worked more than eight hours a day at Defendants' behest without being paid all wages due. Id. ¶ 6. More specifically, Jordan and the other similarly situated Class Members were employed by Defendants and worked at Defendants' customer locations, with assigned responsibilities such as managing and inspecting the production of certain aerospace parts and being involved in planning, logistics, paperwork and permits. Id. Jordan was employed by Defendants from March through July 2015 and shared similar job duties and responsibilities with, was subjected to the same policies and practices as, and endured similar violations at the hands of Defendants as did, the other Class Members who served in similar and related positions. Id.

Defendants failed to record accurate time worked by Jordan and the Class Members, and provided them with inaccurate wage statements that prevented them from learning of these unlawful pay practices. Id. ¶ 8. Defendants also failed to provide Jordan and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take uninterrupted and duty-free rest periods and meal breaks as required by the Labor Code. Id. Defendants either failed to provide timely and compliant meal and rest breaks or provided them late or not for their full duration and they were interrupted by work demands, and Defendants provided no means for recording and paying missed meal or rest breaks. Id.; see also id. ¶¶ 15-25.

Jordan sought to represent a Class composed of and defined as:

> All persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt employees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | Daniel Jordan v. Michael Page International, Inc. et al. | | |

Id. ¶ 28. Jordan also sought to represent nine subclasses: the "Overtime Subclass," "Meal Break Subclass," "Rest Period Subclass," "Paystub Subclass," "Wage Payment Subclass," "Twice Monthly Pay Subclass," "Expense Reimbursement Subclass," "Termination Pay Subclass," and "Business & Professions Code § 17200 Subclass." Id.

Jordan sought a Preliminary Approval Order: (1) conditionally certifying the class under Fed. R. Civ. P. 23(b)(3) for settlement purposes; (2) preliminarily approving the Settlement as fair, reasonable, and adequate; (3) approving the Notice and Election of the Opt-Out Form to be disseminated to the Class Members in the form and manner proposed by the Parties as set forth in the Settlement Agreement, (4) appointing Heffler Claims Group as the Settlement Administrator, and (5) appointing Class Counsel as counsel to the Settlement Class. The Court granted the motion on February 24, 2020. Order, Dkt. No. 29.

**B.  Summary of the Settlement**

  **1.  The Proposed Settlement Class**

The Settlement Class consists of:

All non-exempt employees within the State of California who are or were employed by Defendant in the State of California during the Settlement Period relating to any and all facts and claims asserted in the Litigation or any other claims that could have been asserted in the Litigation based on the facts alleged, including but not limited to meal and rest breaks; minimum wages, overtime, and double time wages; any and all theories for or related to "off the clock work,"  wage statement violations, separation pay violations, failure to indemnify necessary business expenses; failure to timely page wages, including wages "due and payable twice monthly," unfair business practices," and PAGA, based on the alleged California Labor Code and Fair Labor Standards Act violations.

Declaration of Richard E. Quintilone II ("Quintilone Decl."), Dkt. No. 27-2, Ex. A (the "Settlement Agreement"), § I(Q). The Settlement Period is from June 5, 2013 to September 9, 2019. Id. § I(R).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1328 JVS (DFMx)    Date  July 2, 2020

Title  **Daniel Jordan v. Michael Page International, Inc. et al.**

### 2. Settlement Amount and Injunctive Relief

Defendants agree to pay $150,000 (the "Total Settlement Amount") in consideration for the settlement and the release of claims, and from which all: Net Settlement Payments, attorneys' fees and costs, administrative costs, enhancement award to Jordan, statutory penalties, interest, and PAGA penalties shall be paid. Id. § I(P).

### 3. Attorneys' Fees and Costs

Class Counsel seek an award of reasonable attorneys' fees not to exceed 33% of the Total Settlement Amount, i.e. $50,000, and for reimbursement of reasonable costs and expenses in an amount not to exceed $15,000. Id. § XIII.

### 4. Administrative Expenses and Service Awards

Subject to Court approval, the Parties have agreed on ILYM Group, Inc. to administer the settlement in this action ("Settlement Administrator"). Id. § I(N). The Settlement Administrator has provided an estimate that their fees and expenses for administration will not exceed $10,000. Id. § VIII.

Jordan will apply for Court approval of a service payments not to exceed $7,500 in consideration of his service as Class Representative. Id. § XIV.

### 5. Calculation of Settlement Payments

The lump sum payment to each member of the Settlement Class not excluding himself/herself will be determined by dividing the Net Settlement Amount by the total number of Eligible Workweeks worked by all members of the Settlement Class during the Settlement Period (the "Weekly Amount") and then multiplying the Weekly Amount by the number of Eligible Workweeks by the individual class member as determined by the Settlement Administrator in accordance with Section X, less any applicable withholding taxes based on the Parties stipulated allocation of the Net Settlement Amount as provided for in Section XV. Id. § XI(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1328 JVS (DFMx)    Date  July 2, 2020

Title    **Daniel Jordan v. Michael Page International, Inc. et al.**

    **6.**     **Release**

    Upon the Date of Final Approval, Jordan and all members of the Settlement Class, except those that make a valid and timely request to be excluded, will release any and all claims and causes of action, known or unknown, contingent or accrued, against Defendant, and its subsidiaries, affiliates, predecessors or successors in interest, officers, directors, shareholders, employees, attorneys, agents, assigns, insurers, and re-insurers including C&D ZODIAC, INC., dba ZODIAC AEROSPACE (collectively, "Releasees"), arising out of the facts and claims asserted in the Action for wage and hour violations, or any other claims or causes of action that could have reasonably been asserted in the Litigation, based upon the facts alleged: including meal and rest breaks; minimum wages, overtime and double time wages; wage statement violations; separation pay violations; failure to indemnify necessary business expenses; failure to timely unfair business practices; and PAGA, based on the alleged Labor Code violations, and any other applicable provisions of state law, including the applicable IWC wage order.  Id. § VII(A).

    Jordan gives an additional General Release.  Id. § VII(C).

    7.     **Notice**

The Notice process is set out in Section IX(A) of the Settlement Agreement.

    As soon as practicable following Preliminary Approval of the Resolution, but no later than 14 calendar days after the Court's Preliminary Approval order, Defendant will provide to the Settlement Administrator the following information about each Settlement Class member: (1) name; (2) last known home address and telephone number (if in the possession of Defendant); (3) number of workweeks as a class member during the class period; and (4) social security number.

    The Settlement Administrator shall run all the addresses provided through the USPS NCOA database (which provides updated addresses for any individual who has moved in the previous four years who has notified the U.S. Postal Service of a forwarding address) to obtain current address information, and shall mail the Notice and Workweek Dispute Form to the members of the Settlement Class via first-class regular

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | Daniel Jordan v. Michael Page International, Inc. et al. | | |

U.S. Mail using the most current mailing address information available within five calendar days of the receipt of the Class List from Defendant. The Notice shall provide the members of the Settlement Class notice of all applicable dates and deadlines.

The Notice will also include information regarding the nature of the Litigation; a summary of the terms of the Settlement; the definition of the Settlement Class; a statement that the Court has preliminarily approved the Settlement; the procedure and time period for objecting to the Settlement, the date and location of the Final Approval hearing; information regarding the opt-out procedure, and Defendant's calculation of the number of Eligible Workweeks that each Settlement Class member has worked as an employee in California at any time during Settlement Period. The Notice shall enclose the Workweek Dispute Form for Settlement Class members.

For each Settlement Class member, the Workweek Dispute Form will identify the number of Eligible Workweeks that she/he was employed and inform the employee of their right to dispute this number by completing and returning the form within 45 days of the postmark date of the Workweek Dispute Form. Class Member's receipt of settlement proceeds is not conditional on the submission of the Workweek Dispute Form. Absent the receipt of a Workweek Dispute Form the number of workweeks identified in the Workweek Dispute Form shall be determined to be accurate.

If a Notice is returned without a forwarding address from the initial notice mailing, the Settlement Administrator will submit the applicable and available information, including name, Social Security number, and original mailing address, to a company that specializes in address skip tracing in an attempt to locate a more current address. If the Settlement Administrator is successful in locating a new address, it will re-mail the Notice to the Settlement Class member. Further, any Notices returned with a forwarding address to the Settlement Administrator, as non-deliverable before the deadline date, shall be sent to the forwarding address affixed thereto.

Should any member of the Settlement Class timely submit a Workweek Dispute Form with a deficiency, the Settlement Administrator shall, within three calendar days of receipt by the Settlement Administrator of each timely submitted Workweek Dispute Form, send a deficiency notice. The deficiency notice will provide the member of the Settlement Class no more than 14 days from the mailing of the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** | | |

deficiency notice to postmark a written response to cure all deficiencies. The failure of a Settlement Class Member to timely submit a Workweek Dispute or timely respond to a notice of deficiency shall invalidate the dispute unless all Parties' counsel agrees to allow the dispute.

No later than 16 court days prior to the Final Approval Hearing, the Settlement Administrator shall provide counsel for Defendant and Class Counsel with a declaration attesting to the completion of the Notice process, including the number of attempts to obtain valid mailing addresses for and resending of any returned Notices, as well as the number of valid Workweek Dispute Forms, opt-outs and deficiencies which the Settlement Administrator received.

### 8. Unpaid Funds, Opt-Out and Objection Process

In order for any Settlement Class member to object to this Resolution, or any term of it, the person making the objection must not submit a request for exclusion and may, by no later than 5 days after the Notice was initially mailed, serve on the Class Administrator a written statement of the grounds of objection, signed by the objecting Settlement Class member or his or her attorney, along with all supporting papers. Settlement Agreement § IX(B). Any attorney who will represent an individual objecting to this Resolution must file a notice of appearance with the Court and serve Class Counsel and Defense Counsel no later than 45 days after the Notice of Proposed Class Action Resolution was initially mailed to the Settlement Class members. Id.

In order for any Settlement Class member to validly exclude himself or herself from the Settlement Class and this Resolution (i.e., to validly opt out), a written request for exclusion must be signed by the Settlement Class member or his or her authorized representative and must be sent to the Settlement Administrator, postmarked by no later than 45 after the date the Settlement Administrator initially mails the Notice of Proposed Class Action Resolution to the Settlement Class members. Id. § IX(C).

There is no reversion of any portion of the Total Settlement Amount to Defendants. Id. § I(P).

### 9. Revocation of Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** | | |

If 10% or more members of the Settlement Class exercise their rights to exclude themselves and opt out of the Resolution, Defendant may, in its sole discretion, unilaterally withdraw from and terminate the Resolution no later than five days prior to the date of the Final Approval hearing. Id. § IX(E).

**C.     Preliminary Approval**

On February 24, 2020, the Court granted Jordan's motion certifying the proposed Settlement Class, granted preliminary approval of the proposed settlement, directed dissemination of notice to the Class pursuant to the proposed Notice Plan, and appointed ILYM Group, Inc. as the Settlement Administrator for the dissemination of notice. Order, Dkt. No. 29.

**D.     Notice and Objections**

Since receiving preliminary approval, the Court-approved Notice Plan was successfully executed by the Settlement Administrator, ILYM Group, Inc. Declaration of Makenna Snow ("Snow Decl."), Dkt. No. 32-7.

On March 19, 2020, the Notice Packet was mailed, via U.S First Class Mail, to all 114 individuals contained in the Class List. Id. ¶ 7; see Ex. A (Notice Packet). The Notice Packet was re-mailed to nine of the 12 Class Members for whom packets were returned as undeliverable. Id. ¶¶ 8-9. Three Notice Packets have been deemed undeliverable. Id. ¶ 10.

Pursuant to the Preliminary Approval Order, requests for exclusion were to be postmarked no later than May 3, 2020. Id. ¶ 11. ILYM Group has received no requests for exclusion. Id.

ILYM Group received no objections to the settlement by May 18, 2020, the deadline to do so. Id. ¶ 12.

There are a total of 114 Participating Class Members, representing 100% of the Settlement Class Members. Id. ¶ 13. The Participating Class Members will receive an estimated average gross payment of $618.63. Id. ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | Daniel Jordan v. Michael Page International, Inc. et al. | | |

ILYM Group's total fees and costs for services in connection with the administration of this Settlement, which includes fees and costs incurred to-date, as well as anticipated fees and costs for completion of the settlement administration, are $10,000. Id. ¶ 15.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 23(e) requires court approval for class-action settlements. Fed. R. Civ. P. 23(e). When the parties reach a settlement agreement before class certification, a court uses a two-step process to approve a class-action settlement. Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). First, the court must certify the proposed settlement class. Id. Second, the court must determine whether the proposed settlement is fundamentally fair, adequate, and reasonable. Id.

## III. DISCUSSION

### A. Class Certification

The Court preliminarily certified the proposed Class in its prior order. Order, Dkt. No. 29. Nothing has changed in the interim that would warrant a deviation from the Court's prior ruling. Therefore, for the reasons specified in its preliminary approval order, the Court certifies the Settlement Class for final approval of the Settlement.

### B. Approval of the Class Settlement

#### 1. The Fairness Factors Support Settlement Approval

Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." Staton, 327 F.3d at 959. For this analysis, a court typically considers the following factors: (1) strength of the plaintiff's case; (2) risk, expense, complexity, and likely duration of further litigation; (3) risk of maintaining class action status throughout the trial; (4) amount offered in settlement; (5) extent of discovery completed and the stage of the proceedings; (6) experience and views of counsel; (7) presence of a governmental participant; and (8) reaction of the class members to the proposed settlement. In re Bluetooth Headset Prods.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** | | |

Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

### a. Strength of Jordan's Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Jordan details a number of challenges to class certification; there was a risk that Jordan could have lost a bid to certify the class claims. Jordan valued the total potential liability exposure that Defendants faced on the main class-wide claims at $1,440,000, not including fees and costs; therefore, the settlement represents approximately 10.4% of the full trial verdict, less fees and costs on all causes of action. See Quintilone Decl. ¶ 12.

The Court finds that this factor weighs in favor of approval.

### b. Amount Offered in the Proposed Settlement

"It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 459 (9th Cir. 2000) (quoting Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 628 (9th Cir. 1982)). As a result, district courts should not judge the proposed settlement "against a hypothetical or speculative measure of what might have been achieved by the negotiators." In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig., 295 F.R.D. 438, 453 (C.D. Cal. 2014) (quoting Officers for Justice, 688 F.2d at 625). Instead, courts should consider the settlement in conjunction with "factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)." Id.

Defendants will pay a total of $150,000 to settle this case, which shall be allocated to participating Class Members on a pro rata basis according to the number of weeks each Class Member worked during the Class Period. Quintilone Decl. ¶¶ 13, 15, 18.

Since Plaintiffs could risk losing on the merits and recovering less than this amount should litigation continue, the Court finds that this factor weighs in favor of final approval.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
|---|---|---|---|

| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** |
|---|---|

### c. Extent of Discovery Completed and the Stage of the Proceedings

"A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case. The more the discovery [is] completed, the more likely it is that the parties have 'a clear view of the strengths and weaknesses of their cases.'" In re Toys R Us, 295 F.R.D. at 454 (C.D. Cal. 2014) (internal quotations omitted) (quoting Young v. Polo Retail, LLC, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007)). Likewise, mediation suggests that the parties know their relative strengths and weaknesses. See id. at 455.

The parties engaged in a significant amount of discovery. See Quintilone Decl. ¶¶ 6-10. They also participated in a mediation session. Id. ¶ 11.

This factor weighs in favor of final approval. The Court finds that the parties have engaged in an appropriate amount of discovery, suggesting that the settlement is fair, reasonable, and adequate.

### d. Experience and Views of Counsel

Both parties in this action were represented by competent counsel. See Quintilone Decl. ¶¶ 2-3; Carter Decl. ¶¶ 4-8, Phelps Decl. ¶¶ 4-8. Therefore, this factor also supports final approval.

### e. Reaction of the Class Members to the Settlement

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." Nat'l Rural Telecomms., 221 F.R.D. at 529 (citations omitted); see also Barbosa v. Cargill Meat Sols. Corp., 297 F.R.D. 431, 448 (E.D. Cal. 2013) ("Where a settlement agreement enjoys overwhelming support from the class, this lends weight to a finding that the settlement agreement is fair, adequate, and reasonable.").

Following the Court's preliminary approval of the Settlement, no objections or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1328 JVS (DFMx)   Date  July 2, 2020

Title  **Daniel Jordan v. Michael Page International, Inc. et al.**

exclusions were filed. Snow Decl. ¶¶ 11-12.

The Court finds that the reaction by Class Members to the Settlement has been positive. See Churchill, 361 F.3d at 577 (affirming district court's approval of settlement where 500 of 90,000 class members opted out (.56%) and 45 class members objected to the settlement (.05%)). Accordingly, the absence of any objections weighs in favor of final approval.

Overall, the weight of the factors supports the Court's conclusion that the Settlement is fair, reasonable, and adequate.

**C.    Notice**

Rule 23(c)(2)(B) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Similarly, Rule 23(e)(1) requires that a proposed settlement may only be approved after notice is directed in a reasonable manner to all class members who would be bound by the agreement. Fed. R. Civ. P. 23(e)(1).

"Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009) (internal quotation marks and citation omitted). "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably[.]" Id. "That standard does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." Lane, 696 F.3d at 826.

The Notice approved by the Court and implemented by ILYM Group satisfies the applicable standard. Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.

**D.    Class Representative Incentive Award**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | Daniel Jordan v. Michael Page International, Inc. et al. | | |

Courts have discretion to issue incentive awards to class representatives. Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958–59 (9th Cir. 2009). The awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Id. An unreasonable incentive award may indicate that a settlement was reached through fraud of collusion. Staton, 327 F.3d at 975.

Courts evaluate incentive awards relative to named plaintiff's efforts, considering "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." Id. at 977 (alterations in original) (quoting Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)). Courts also compare the incentive awards to the total settlement by looking at "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment." In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 947 (9th Cir. 2015) (quoting Staton, 327 F.3d at 977).

The proposed Settlement provides a service award of $7,500 to Jordan. Quintilone Decl. ¶ 39. Jordan submitted evidence he spent time and effort assisting in the action. Jordan Decl. ¶¶ 14-17. Jordan estimates he spent at least 80 hours on the case. Id. ¶ 18. See Vandervort v. Balboa Capital Corp., 8 F. Supp. 3d 1200, 1208 (C.D. Cal. 2014). The Court finds that an enhancement award of $7,500 for Jordan is appropriate.

**E.     Attorneys' Fees and Costs**

    **1.     Fees**

A court may award reasonable attorneys' fees and costs in certified class actions where they are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Even when parties have agreed to a fee award, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." In re Bluetooth, 654 F.3d at 941.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-1328 JVS (DFMx)     Date July 2, 2020

Title     **Daniel Jordan v. Michael Page International, Inc. et al.**

In the Ninth Circuit, there are two methods of determining attorneys' fees: the percentage of the benefit method and the lodestar method. Under the percentage of the benefit method, the Court awards attorneys' fees equal to a percentage of the total value provided or available to the Class. In re Hyundai and Kia Fuel Economy Litig., -- F.3d --, 2019 WL 2376831, at *16 (June 6, 2019). In comparison, under the lodestar method, the Court will multiply the number of attorney hours incurred by a reasonable hourly rate. Id. The Court may then raise or lower the lodestar based on several factors. Id.; Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1007 n. 7. Courts routinely cross-check their "percentage of the fund" calculation with the lodestar method to ensure that class counsel is not overcompensated. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002).

       a.     **Percentage of the Fund**

In the Ninth Circuit, the benchmark for fee awards in common fund cases is 25% of the common fund. In re Bluetooth, 654 F.3d at 942 ("Where a settlement produces a common fund for the benefit of the entire class, . . . courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record for any 'special circumstances' justifying a departure."). The percentage may be adjusted according to several factors, including: (1) the results achieved; (2) the risk involved in undertaking the litigation; (3) the generation of benefits beyond the cash settlement fund; (4) the market rate for services; (5) the contingent nature of the fee; (6) the financial burden to counsel; (7) the skill required; (8) the quality of the work; and (9) the awards in similar cases. Vizcaino, 290 F.3d at 1048–49; Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

Here, Class Counsel seek an award of $50,000, which represents 33.33% of the Gross Settlement Amount. Quintilone Decl. ¶ 26. This amount is above the Ninth Circuit's established benchmark. "[C]ourts in this circuit, as well as other circuits, have awarded attorneys' fees of 30% or more in complex class actions" In re Heritage Bond Litig., 2005 WL 1594403, at *19, 19 n.14 (C.D. Cal. June 10, 2005) (collecting cases).

           i.     *Results Achieved*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | Daniel Jordan v. Michael Page International, Inc. et al. | | |

"The result achieved is a significant factor to be considered in making a fee award." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)); Vizcaino, 290 F.3d at 1048 ("Exceptional results are a relevant circumstance."); In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award.").

The Court found that the settlement is fair, adequate, and reasonable. The Court finds that, overall, the result weighs in favor of the requested award.

    *ii.* *Risks Involved*

Another significant factor to be considered in determining attorney fees is the risk that counsel took of "not recovering at all, particularly [in] a case involving complicated legal issues." In re Omnivision Techs., 559 F. Supp. 2d at 1046–47; Vizcaino, 290 F.3d at 1048; In re Heritage Bond, No. 02-ML-1475, 2005 WL 1594389, at *14 (C.D. Cal. June 10, 2005) ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of costs, is a factor in determining counsel's proper fee award.").

As explained above, this litigation presented significant risks. Therefore, this factor supports the requested award.

    *iii.* *Skill of Counsel and Contingent Fees*

"The single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." Id., at *12 (quoting Cullen v. Whitman Med. Corp., 197 F.R.D. 136, 149 (E.D. Pa. 2000)). Class Counsel has competently litigated this case, diligently investigating and developing the claims. The settlement was not reached lightly. Cf. Navarro v. Servisair, 2010 WL 1729538, at *3 (N.D. Cal. Apr. 27, 2010) (finding proposed award of 30 percent of settlement fund unjustifiably departed from benchmark due in part to speed with which parties reached a settlement).

Class Counsel have significant experience in these types of class actions. Phelps Decl. ¶¶ 3-9; Quintilone Decl. ¶¶ 27-37; Carter Decl. ¶ 14. Therefore, this factor supports the requested award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-1328 JVS (DFMx)                              Date   July 2, 2020

Title   **Daniel Jordan v. Michael Page International, Inc. et al.**

Attorneys also are entitled to a larger fee award when their compensation is contingent in nature, as here. See Vizcaino, 290 F.3d at 1048–50; see also In re Omnivision Techs., 559 F. Supp. 2d at 1047. "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for contingency cases." In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1299 (9th Cir. 1994). Therefore, this factor also supports the requested award.

*iv.     Results in Similar Cases*

The requested fee is generally in line with awards made in similar sized common fund class actions litigated in California. See, e.g., Vasquez, 266 F.R.D. at 492 (detailing cases awarding one-third of common fund and awarding counsel one-third of common fund in case with total recovery of $300,000); see also Craft v. Cty. of San Bernardino, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) (noting that cases of under $10 million often result in fees about 25%). Therefore, this factor supports the requested award.

*v.      Reaction of the Class*

The Court may also consider the reaction of the class to the proposed fee award. In re Omnivision Techs., 559 F. Supp. 2d at 1048; In re Heritage Bond, 2005 WL 1594389, at *15 ("The presence or absence of objections from the class is also a factor in determining the proper fee award.").

As noted above, there were no objections or requests for exclusion. Snow Decl. ¶¶ 11-12. Therefore, this factor supports the requested award.

In sum, the Court finds that the factors in this case support an award above the Ninth Circuit's 25% percent bench mark. The Court will next perform a lodestar cross-check to ensure the reasonableness of the percentage award.

    **b.     Lodestar Cross-Check**

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." Vizcaino,

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | Daniel Jordan v. Michael Page International, Inc. et al. | | |

290 F.3d at 1050; In re Omnivision Techs., 559 F. Supp. 2d at 1048. As noted above, the Ninth Circuit encourages courts to cross-check the reasonableness of a fee award determined using the percentage method with the lodestar method.

"The first step in the lodestar analysis requires the district court to determine a reasonable hourly rate for the fee applicant's services. This determination [involves] examining the prevailing market rates in the relevant community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation." Cotton v. City of Eureka, 889 F. Supp. 2d 1154, 1166 (N.D. Cal. 2012) (internal quotation marks and citation omitted); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). "The fee applicant has the burden of producing satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). The fee applicant may provide affidavits from the attorneys who worked on the present case, as well as affidavits from other area attorneys or examples of rates awarded to counsel in previous cases. See Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 262 (N.D. Cal. 2015); see also Parkinson v. Hyundai Motor Am., 796 F. Supp.2d 1160, 1172 (C.D. Cal. 2010) ("Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates.").

The contingent nature of the case supports the fee award here. Attorneys are entitled to a larger fee award when their compensation is contingent in nature. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002); see also In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008). "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for . . . contingency cases." In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1299 (9th Cir. 1994). This ensures competent representation for plaintiffs who may not otherwise be able to afford it. Id. Here, Class Counsel faced significant risk from contingent fee litigation because they expended significant time and money without guaranteed payment.

Class Counsel contend that the hourly rates are as follows:

- Quintilone & Associates: $750 for partner and senior associates, $550 for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1328 JVS (DFMx) | Date | July 2, 2020 |
| Title | **Daniel Jordan v. Michael Page International, Inc. et al.** | | |

        associate attorneys, and $250 for paralegal time. Quintilone Decl. ¶ 27
- Carter Law: $750 for Roger Carter, $600 for Marc Phelps, $475 for associate Bianca Sofronio. Carter Decl. ¶ 18, Phelps Decl. ¶ 12.

      Class Counsel's present lodestar calculates to $161,980.00. Phelps Decl. ¶10; Quintilone Decl.¶ 31-36; Carter Decl. ¶ 21. A proposed fee award therefore reflects a negative multiplier of 3.24. Mot. at 20.

      Next, the Court examines whether the number of hours class counsel expended on the litigation was reasonable. To calculate the Lodestar, Class Counsel reviewed and included their timekeeping records. See Phelps Decl. ¶ 9, Ex. A; Quintilone Decl., ¶ 31, Ex. C; Carter Decl. ¶ 17, Ex. A The Court has reviewed these records and finds that the number of hours expended was reasonable.

      **2.**    **Costs**

      "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." In re Omnivision Techs., 559 F. Supp. 2d at 1048.

      Class Counsel incurred $11,226.37 in case-related costs. Quintilone Decl. ¶ 38 & Exhibit D; Carter Decl. ¶ 22 & Exhibit B; Phelps Decl. ¶ 13 & Exhibit B. Class Counsel provide adequate documentation of these expenses. Id. Therefore, the Court awards $11,226.37 for reimbursement of reasonable expenses.

      Class Counsel also requests $10,000 to be allocated to ILYM Group, the Settlement Administrator. Quintilone Decl. ¶ 43.

### IV. CONCLUSION

      For the foregoing reasons, the Court **GRANTS** the motion for final approval of the class settlement and the $7,500 enhancement award for Plaintiff Daniel Jordan. The Court **GRANTS** the motion for attorneys' fees, **GRANTS** the award for $11,226.37 in case-related costs, and **GRANTS** the $10,000 requested for ILYM Group, the Settlement Administrator.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1328 JVS (DFMx)                    Date  July 2, 2020

Title  **Daniel Jordan v. Michael Page International, Inc. et al.**

    The Court finds that oral argument would not be helpful in this matter.  Fed. R. Civ. P. 78; L.R. 7-15.

    **IT IS SO ORDERED.**

                                                : 0

Initials of Preparer  lmb